UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SHAHID MEHMOOD,

      Plaintiff,

      v.

MOHAMMAD ASHRAF, et al.,

      Defendants.

CIVIL ACTION NO. 1:25-cv-02187

(SAPORITO, J.)

## ORDER

This diversity action arises out of a business relationship gone sour.

The plaintiff, Shahid Mehmood, and the lead defendant, Mohammad Ashraf, are equal co-owners of A & S C-Store, Inc., d/b/a Shop N Drive (the "Store"), a convenience store business located in Harrisburg, Pennsylvania. Ashraf is the owner of another business, defendant Ash Management Corporation (the "Landlord"), which owns the premises leased to the Store. The third defendant is Fozia Virk, Ashraf's adult daughter, who holds no position with respect to either Store or Landlord.

The Store is a distressed business, and the business relationship between its equal co-owners is broken. Both sides accuse the other of improprieties or mismanagement that have caused or contributed to the Store's economic woes.

On November 18, 2025, Mehmood filed the complaint in this action, asserting state-law claims for breach of contract,[1] breach of fiduciary duty, unjust enrichment or quantum meruit, conversion or misappropriation of funds, and waste or negligent maintenance of property against Ashraf. The complaint also asserts a claim of tortious interference with contractual relations against Virk, and a civil conspiracy claim against both Ashraf and Virk.[2] For relief, Mehmood seeks an award of compensatory and punitive damages, as well as declaratory and injunctive relief, including a full accounting of all business records and transactions.

The defendants have waived formal service of process. Although they have not filed any answer to the complaint, they have entered their appearances through counsel and vigorously contest this action.

On December 8, 2025, Mehmood filed the instant motion for a preliminary injunction. Doc. 8. On December 22, 2025, he filed a brief in support of the motion, together with a testimonial declaration by

---

[1] In April 2025, the two co-owners entered into a written "Status Quo Agreement" that apparently governs each shareholder's rights and duties with respect to operation of the Store.

[2] Although named as a defendant, none of the complaint's causes of action are specifically directed at the corporate Landlord.

Mehmood. Doc. 11. On December 14, 2025, the defendants filed a brief in opposition, together with a testimonial declaration by Ashraf and several documentary exhibits. Doc. 14. On January 20, 2026, Mehmood filed a reply brief. Doc. 17.

The plaintiff's motion seeks a preliminary injunction that would enjoin the defendants from making any withdrawals or transfers from the Store's business accounts,[3] interfering with payroll, tax withholdings, or employee payments, obstructing the business accountant hired by the Store to handle payroll and financial accounting, obstructing a forensic accountant jointly hired by Mehmood and Ashraf or withholding records or failing to produce records of transactions, or contacting the forensic accountant except through counsel,[4] or excluding or retaliating against Mehmood in his role as manager of the Store. The plaintiff's motion also seeks affirmative injunctive relief, commanding the defendants to restore control of payroll to the Store's business accountant, produce financial

---

[3] Apparently, rent payments to the Landlord and tax payments are, or were, made by automatic withdrawals. The plaintiff's proposed order would provide that these payments be made by check going forward.

[4] The Status Quo Agreement provided that the two co-owners would jointly retain a forensic accountant, whose primary purpose appears to be determining a valuation of the Store for negotiation of a prospective sale of the business between the co-owners.

records in full within ten days, to remediate all health and safety violations on the premises, including pest control and roof repair, and address certain personal tax liabilities of Ashraf's that have precluded the Store from reinstating its tobacco license.[5]

Preliminary injunctive relief is extraordinary in nature and should issue only in limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426–27 (3d Cir. 1994). Issuance of such relief is at the discretion of the trial judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001).

Nevertheless, "precedent guides this discretion." *Del. State Sportsmen's Ass'n, Inc. v. Del. Dep't of Safety & Homeland Sec.*, 108 F.4th 194, 201 (3d Cir. 2024). In determining whether to grant a motion seeking preliminary injunctive relief, courts consider the following four factors: "(1) the likelihood of success on the merits; (2) the risk of irreparable injury absent preliminary relief; (3) the balance of the equities; and (4)

---

[5] Although not encompassed within the terms of the requested relief, the Landlord recently commenced eviction proceedings against the Store, and we presume that the plaintiff desires that eviction be enjoined as well.

the public interest." *Id.* at 202. "The first two factors are the 'most critical.' If both are present, a court then balances all four factors." *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009) (citation omitted)). "'Because a preliminary injunction is an extraordinary and drastic remedy,' the movant bears the burden of making '*a clear showing*.'" *Id.* (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (emphasis in original)). "Only if the movant produces evidence sufficient to convince the trial judge that *all four* factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F. 2d 187, 192 (3d Cir. 1990) (emphasis added).

Here, the moving plaintiff has failed to satisfy either of the first two factors.

Under the first factor, a movant seeking preliminary injunctive relief must demonstrate a likelihood of success on the merits of his claims.[6] In support, Mehmood relies solely on his own declaration, which describes only in vague and conclusory fashion the factual basis for his contract and fiduciary duty claims—the declaration provides no factual

---

[6] We note that the plaintiff has relied only on his breach of contract and breach of fiduciary duty claims in his briefs.

detail at all to support a finding that Mehmood is likely to succeed on the merits of these claims. Against this, Ashraf has produced his own, similarly vague and conclusory declaration, albeit one supported by actual documentation—he has appended a copy of Store shareholder meeting minutes memorializing a verbal agreement that preceded the written Status Quo Agreement, and a copy of the April 2025 Status Quo Agreement itself,[7] which in turn includes as exhibits a copy of the forensic accountant engagement letter and a copy of the Store's lease. In light of the disputed factual record, and particularly the exceptionally thin record evidence in support of the moving plaintiff's claims, we find that Mehmood has failed to meet his burden of demonstrating that he will likely be successful in proving his breach of contract or breach of fiduciary claims. *See Charles Simkin & Sons, Inc. v. Massiah*, 289 F.2d 26, 29 (3d Cir. 1961) ("As a prerequisite to the issuance of an interlocutory injunction, the moving party must show a clear right to relief. There must be no disputed issues of fact."); *see also Collick v. Weeks Marine, Inc.*, 397

---

[7] Notably, while the complaint repeatedly references and relies extensively upon the Status Quo Agreement, the plaintiff did not submit a copy of the written agreement as an exhibit to his complaint or his motion for a preliminary injunction. His reply brief, however, does not dispute the authenticity of documentary exhibits submitted by Ashraf.

Fed. App'x 762, 764 (3d Cir. 2010) ("In light of the presence in the record of substantial facts on both sides of the argument, and particularly the relatively thin record evidence presented by Collick, we find that the District Court erred in concluding preliminarily that Collick would likely be successful in proving [his claims].").

Under the second factor, a movant seeking preliminary injunctive relief must demonstrate the risk of irreparable injury absent preliminary relief. "[I]rreparable harm is not only harm that is not speculative, but also harm that cannot adequately be compensated after the fact by monetary damages. Therefore, the availability of monetary damages typically will preclude a finding of irreparable harm." *Johnson & Johnson v. Samsung Bioepis Co. Ltd.*, ___ F.4th ___, 2026 WL 1002944, at *3 (3d Cir. Apr. 14, 2026) (citations and internal quotation marks omitted). "Mere injuries, however substantial, in terms of money, time and energy . . . are not enough." *Sampson v. Murray*, 415 U.S. 61, 90 (1974); *see also Saturn of Denville N.J., LP v. Gen. Motors Corp.*, No. 08-CV-5734, 2009 WL 953012, at *6 (D.N.J. Apr. 7, 2009) ("Even if Plaintiffs eventually go out of business, they can be made whole by money damages sufficient to allow them to reopen or to open another [business].") (citing

*Novartis Consumer Health. Inc. v. Johnson & Johnson–Merck Consumer Pharmaceuticals Co.*, 290 F.3d 578, 595 (3d Cir. 2002)). "[I]njuries that force a business to close or go bankrupt *can* count." *Autobar Sys. of N.J. v. Berg Co.*, No. 23-2541, 2024 WL 3859807, at *1 (3d Cir. Aug. 17, 2024) (emphasis added). But "[t]hat bar is high. So, for example, we overturned a preliminary injunction even though a plaintiff company claimed that it would lose 80% of its revenue, because the company offered no financial statements or projections to support that claim and could have gotten more business elsewhere." *Id.* at *2 (citing *instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 802–03 (3d Cir. 1989)). Here, the plaintiff's vague and conclusory declaration fails to demonstrate anything more than speculative harm, and thus we find that Mehmood has failed to meet his burden of demonstrating a cognizable risk of irreparable injury absent preliminary relief.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for a preliminary injunction (Doc. 8) is **DENIED**.

Dated: April 15, 2026          *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge