UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAHID MEHMOOD, | |
| Plaintiff, | CIVIL ACTION NO. 1:25-cv-02187 |
| v. | (SAPORITO, J.) |
| MOHAMMAD ASHRAF, et al., | |
| Defendants. | |

## <u>MEMORANDUM</u>

This diversity action arises out of a business relationship gone sour.

The plaintiff, Shahid Mehmood, and the lead defendant, Mohammad Ashraf, are equal co-owners of A & S C-Store, Inc., d/b/a Shop N Drive (the "Store"), a convenience store business located in Harrisburg, Pennsylvania. Ashraf is the owner of another business, defendant Ash Management Corporation (the "Landlord"), which owns the premises leased to the Store. The third defendant is Fozia Virk, Ashraf's adult daughter, who holds no position with respect to either Store or Landlord.

The Store is a distressed business, and the business relationship between its equal co-owners is broken. Both sides accuse the other of improprieties or mismanagement that have caused or contributed to the Store's economic woes.

On November 18, 2025, Mehmood filed the complaint in this action, asserting state-law claims for breach of contract,[1] breach of fiduciary duty, unjust enrichment or quantum meruit, conversion or misappropriation of funds, and waste or negligent maintenance of property against Ashraf. The complaint also asserts a claim of tortious interference with contractual relations against Virk, and a civil conspiracy claim against both Ashraf and Virk.[2] For relief, Mehmood seeks an award of compensatory and punitive damages, as well as declaratory and injunctive relief, including a full accounting of all business records and transactions.

The defendants have waived formal service of process. Although they have not filed any answer to the complaint, they have entered their appearances through counsel and vigorously contest this action.

On December 9, 2025, the defendants filed a motion to join additional defendant. Doc. 9. By this motion, the moving defendants seek to join the Store as a nominal defendant to the plaintiff's shareholder

---

[1] In April 2025, the two co-owners entered into a written "Status Quo Agreement" that apparently governs each shareholder's rights and duties with respect to operation of the Store.

[2] Although named as a defendant, none of the complaint's causes of action are specifically directed at the corporate Landlord.

derivative claims, and they seek leave to file a proffered answer with affirmative defenses, counterclaim, and third-party complaint. The motion is fully briefed and ripe for decision. *See* Doc. 12; Doc. 15; Doc. 18.

The defendants first argue that the corporation, A & S C-Store, Inc., should be joined as a nominal defendant in this action. This argument is well taken. In Counts II, VI, and VII of the complaint, the plaintiff asserts breach of fiduciary duty, misappropriation, and waste claims on behalf of both himself and A & S C-Store, Inc., seeking damages for losses incurred by the company rather than Mehmood personally. In the context of a derivative action, the shareholder is at best a nominal plaintiff, pressing a claim that belongs to the corporation, which is the real party in interest, and to which the proceeds of any recovery will accrue. Meanwhile, because it is itself unwilling or unable to press the claim, the company in this context is necessarily named as a nominal defendant to the shareholder's derivative claims. *See generally Ross v. Bernhard*, 396 U.S. 531, 538–39 (1970); *Graphic Scanning Corp. v. Yampol*, 677 F. Supp. 256, 259 (D. Del. 1988). Accordingly, we will grant the motion in part and order the corporation, A & S C-Store, Inc., to be joined as a nominal defendant

to the plaintiff's complaint.[3]

As noted above, the defendants have not yet filed an answer to the complaint. They have, however, proffered an unsigned draft pleading as an exhibit to this motion, and they expressly request leave of court to file the pleading.

The defendants' proposed pleading responds to the allegations of the complaint, articulates several affirmative defenses, and asserts a "Counterclaim and Third-Party Complaint." In addition to breach of contract claims brought against Mehmood directly by Ashraf with respect to the Shareholder Agreement and the Status Quo Agreement, the "Counterclaim and Third-Party Complaint" includes several derivative

---

[3] In their brief in support of this motion, the defendants suggest in cursory fashion that joinder of the Store, a Pennsylvania corporation with its principal place of business in Pennsylvania, would destroy diversity among the parties and divest this court of subject matter jurisdiction. But such a request for dismissal is not properly before the court on this motion for joinder, and the defendants have not separately moved for dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1). Moreover, we decline to raise and address this jurisdictional issue sua sponte, as a federal court generally "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458. 461 (1980); *see also Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985) ("In determining whether diversity jurisdiction exists, the citizenship of purely 'nominal' parties may be disregarded.'").

claims brought against Mehmood by Ashraf in his capacity as a shareholder in the Store, with respect to which the Store is named as a nominal third-party defendant.

But "[a] third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to the defendant. If the claim is separate or independent from the main action, impleader will be denied." *FDIC v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994). For example, under Rule 14(a), a tort defendant and third-party plaintiff may serve a third-party complaint on a third-party defendant not named in the original complaint to assert an indemnity or contribution claim based on a claim in the original complaint, brought by the plaintiff against the defendant/third-party plaintiff. But here, the defendants' shareholder derivative claims against the Store as a nominal defendant do not seek to hold it secondarily liable for Mehmood's claims against Ashraf. *Cf. id.* ("[T]he Bathgate defendants' pleading against the Bank directors does not qualify as a third-party complaint under Rule 14(a), because the Bank directors' liability is not derivative of the Bathgate defendants' liability on the notes for which the FDIC is seeking

payment.").

Instead, the proper form of the proposed pleading is a straightforward counterclaim against Mehmood, but also naming the Store as a nominal counterclaim defendant, joined pursuant to Rule 13(h). *See* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."); *Bathgate*, 27 F.3d at 873 & n.13 ("Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or cross-claim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or cross-claim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.").

Accordingly, we will deny the motion in part to the extent it seeks leave to file a third-party complaint under Rule 14(a), but we will grant the defendants leave to file the proposed pleading with the modification that it be filed as their answer, affirmative defenses, and counterclaim, with leave to join A & S C-Store, Inc. as a nominal counterclaim defendant, pursuant to Fed. R. Civ. P. 13(h).

An appropriate order will follow.


Dated: April 20, 2026                    *s/Joseph F. Saporito, Jr.*
                                         JOSEPH F. SAPORITO, JR.
                                         United States District Judge